1  DIANA L. COURTEAU (SBN 113442)
2  NEIL M. KATSUYAMA (SBN 273172)
3  **COURTEAU & ASSOCIATES**
   DianaCourteau@msn.com
4  880 Apollo Street, Suite 246
5  El Segundo, CA 60245
   Telephone: (310) 647-2844
6  Facsimile: (310) 647-2842
7
8  Attorneys for Respondent
   JERRY JAMGOTCHIAN
9

10           UNITED STATES DISTRICT COURT
11   CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| LINLEY INVESTMENTS, an Isle of Man Limited Company; ORPENDALE, Incorporated in the Republic of Ireland; LYNCH BAGES LIMITED, Incorporated in the Republic of Ireland; WYNATT, Incorporated in the Republic of Ireland; CHELSTON (IRELAND), Incorporated in the Republic of Ireland; and SPRINGCON, Incorporated in the republic of Ireland,<br><br>Petitioners,<br><br>v.<br><br>JERRY JAMGOTCHIAN, an individual,<br><br>Respondent. | CASE NO.: **CV 11-00724-JAK (RZx)**<br><br>RESPONDENT'S OPPOSITION TO PETITIONERS' PROPOSED JUDGMENT TO RECOGNIZE, CONFIRM, AND ENFORCE FOREIGN ARBITRAL AWARDS<br><br>Courtroom: 750, Roybal Courthouse<br>Judge: The Hon. John A. Kronstadt |

---

**RESPONDENT'S OPPOSITION TO PETITIONERS' PROPOSED JUDGMENT**

# TABLE OF CONTENTS

I. PETITIONERS' PROPOSED JUDGMENT REQUESTS AN EXCESSIVE INTEREST RATE, PROVIDES NO BASIS FOR ITS ATTORNEY'S FEES, AND USES AN ARBITRARY EXCHANGE RATE ... 1

II. THE PROPOSED INTEREST RATE FAR EXCEEDS THE STATUTORY POSTJUDGMENT RATE AND CASES ON THE PREJUDGMENT RATE ... 2

  A. POST-JUDGMENT INTEREST RATE MUST BE BASED UPON THE ONE YEAR U.S. TREASURY YIELD ... 2

  B. PRE-JUDGMENT INTEREST SHOULD ALSO BE BASED UPON THE ONE YEAR U.S. TREASURY YIELD ... 3

III. THE PROPOSED JUDGMENT DOES NOT SET FORTH ANY BASIS FOR ATTORNEY'S FEES ... 4

IV. NEITHER THE ARBITRAL AWARDS NOR THE NOMINATION AGREEMENTS PROVIDE FOR A CONVERSION RATE OF EUROS TO U.S. DOLLARS ... 4

V. THE ALLOCATION OF THE JUDGMENT AMONGST THE NUMEROUS CLAIMANTS IS NEVER ADDRESSED ... 5

VI. PETITIONERS MUST REPRESENT TO THE COURT THAT PETITIONERS WILL COMPLY WITH ALL APPLICABLE TAX WITHHOLDING PROVISIONS ... 6

VII. COOLMORE MUST WAIVE ALL CLAIMS AS IT IS NOT INDIVIDUALLY NAMED AS ONE OF THE PETITIONERS ... 6

VIII. CONCLUSION ... 6

**RESPONDENT'S OPPOSITION TO PETITIONERS' PROPOSED JUDGMENT**

# TABLE OF AUTHORITIES

**FEDERAL CASES**

Eazor Express, Inc. v. Intn'l Brotherhood of Teamsters,
    520 F.2d 951 (3rd Cir. 1975) ..............................................................3

E.E.O.C. v. Bruno's Restaurant,
    13 F.3d 285 (9th Cir. 1993)................................................................4

Ford v. Alfaro,
    785 F.2d 835 (9th Cir. 1986)..............................................................3

G.M. Brod & Co. v. U.S. Home Corp.,
    759 F.2d 1526 (11th Cir. 1985)..........................................................2

Home Sav. Bank, FSB v. Gillam,
    952 F. 2d 1152 (9th Cir. 1991) ..........................................................3

Houben v. Telular Corp.,
    309 F.3d 1028 (7th Cir. 2002) ...........................................................2

Mattel, Inc. v. Walking Mountain Productions,
    353 F.3d 792 (9th Cir. 2003).............................................................4

Sun Ship, Inc. v. Matson Navigation Co.,
    785 F.2d 59 (3rd Cir. 1986)............................................................2, 3

Western Pac. Fisheries, Inc. v. SS President Grant,
    730 F.2d 1280 (9th Cir. 1984)............................................................3

**FEDERAL STATUTES**

28 U.S.C. §1961...........................................................................2, 3, 4

**RESPONDENT'S OPPOSITION TO PETITIONERS' PROPOSED JUDGMENT**

**TO PETITIONERS AND THEIR ATTORNEY OF RECORD:**

Respondent Jerry Jamgotchian ("Respondent") submits the following Opposition to Petitioners' Proposed Judgment to Recognize, Confirm, and Enforce Foreign Arbitral Awards.

## I. PETITIONERS' PROPOSED JUDGMENT REQUESTS AN EXCESSIVE INTEREST RATE, PROVIDES NO BASIS FOR ITS ATTORNEY'S FEES, AND USES AN ARBITRARY EXCHANGE RATE

The Proposed Judgment is deficient and violative of Federal statutes in several respects. First, Petitioners request an 8% interest rate, measured from the date of the arbitral award (August 23, 2010). This directly conflicts with Federal cases and statutes providing that the pre-judgment and post-judgment interest rates should be based upon the one year yield for U.S. Treasury bonds. Further, the requested interest rate was never specified in any of the Nomination Agreements at issue. Second, Petitioners demand attorney's fees without setting forth any basis for such an order, particularly where the contracts have no express provision for the award of attorney's fees. Third, Petitioners request the option to be paid in U.S. dollars based upon an exchange rate calculation that is unprecedented. Fourth, the Proposed Judgment makes no mention of how any payments from Respondent are to be allocated amongst Petitioners where Petitioners have varying and currently unknown interests in each of the fourteen contracts at issue. Fifth, the Proposed Judgment must include language that Coolmore releases all claims against Respondent as it is a distinct entity that is not individually named as a Petitioner. Lastly, Petitioners make no representation that they have complied with all applicable Federal tax withholding and reporting requirements for foreign corporations and that Petitioners have no tax related claims against Respondent.

1

**RESPONDENT'S OPPOSITION TO PETITIONERS' PROPOSED JUDGMENT**

In light of these deficiencies, Respondent respectfully requests that the Court strike the Proposed Judgment or in the alternative, modify the terms to comply with the authorities set forth below.

## II. THE PROPOSED INTEREST RATE FAR EXCEEDS THE STATUTORY POSTJUDGMENT RATE AND CASES ON THE PREJUDGMENT RATE

Petitioners' proposed judgment attempts to improperly collect interest at a rate of 8% from the date of the initial arbitrators entry of judgment, August 23, 2010. *See* Proposed Judgment at ¶3. This calculation violates existing statutes and cases regarding pre-judgment and post-judgment interest rates. First, post-judgment interest rates are set by statute in 28 U.S.C. §1961. Second, arbitrators lack the authority to decide the separate question of prejudgment interest of a federal judgment. Sun Ship, Inc. v. Matson Navigation Co., 785 F. 2d 59, 63 (3rd Cir. 1986). The prejudgment interest rate is determined by the discretion of the district court.

### A. POST-JUDGMENT INTEREST RATE MUST BE BASED UPON THE ONE YEAR U.S. TREASURY YIELD

The post-judgment interest rate, calculated from the date of the judgment, is set forth in 28 U.S.C. §1961, which provides that the rate must be set "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System." This provision applies regardless of whether the case is based upon federal question or diversity jurisdiction. G.M. Brod & Co. v. U.S. Home Corp., 759 F.2d 1526, 1542 (11th Cir. 1985); Houben v. Telular Corp., 309 F.3d 1028, 1040 (7th Cir. 2002).

2

**RESPONDENT'S OPPOSITION TO PETITIONERS' PROPOSED JUDGMENT**

Thus, the 8% rate proposed by Petitioners is excessive, not set forth in any of the Nomination Agreements, and the proper rate must be determined by reviewing the Treasury yield at the time the judgment is entered.

**B. PRE-JUDGMENT INTEREST SHOULD ALSO BE BASED UPON THE ONE YEAR U.S. TREASURY YIELD**

"The award of pre-judgment interest in a case arising under federal law rests within the sound discretion of the court." Home Sav. Bank, FSB v. Gillam, 952 F. 2d 1152, 1161 (9th Cir. 1991); Eazor Express, Inc. v. International Brotherhood of Teamsters, 520 F.2d 951, 972-73 (3rd Cir. 1975). This matter is a federal question because it arises under the Federal Arbitration Act. Sun Ship, Inc. v. Matson Navigation Co., 785 F. 2d 59, 63 (3rd Cir. 1986); *See* Petition at ¶1.

It is therefore within the Court's discretion, not that of the arbitrator, to set the prejudgment interest rate. In exercising its discretion, prior cases have upheld the use of the post-judgment rate in 28 U.S.C. §1961, discussed above. Western Pac. Fisheries, Inc. v. SS President Grant, 730 F. 2d 1280, 1289 (9th Cir.1984). The rate in Section 1961 should be applied, "unless the trial judge finds, on substantial evidence, that the equities of the particular case require a different rate." Ford v. Alfaro, 785 F. 2d 835, 842 (9th Cir. 1986).

Here, there are no facts justifying the use of Petitioners' proposed 8% rate. In setting the interest rate, the Court's discretion "must be exercised with a view to the fact that pre-judgment interest is an element of compensation, not a penalty." Western Pac. Fisheries, Inc. v. SS President Grant, 730 F. 2d 1280, 1289 (9th Cir.1984). Here, the Treasury yield is adequate to compensate Petitioners and setting the interest rate far above the yield would effectively penalize Respondent.

Petitioners' requested prejudgment interest rate of 8%, which is never provided for in any of the Nomination Agreements, is therefore excessive and Respondent respectfully requests that the Court set the prejudgment rate at the same level as the post-judgment rate under Section 1961.

### III. THE PROPOSED JUDGMENT DOES NOT SET FORTH ANY BASIS FOR ATTORNEY'S FEES

A court's order may be set aside if the court fails to state the reasons for its decision to award attorney's fees. <u>Mattel, Inc. v. Walking Mountain Productions</u>, 353 F.3d 792, 815 (9th Cir. 2003); <u>E.E.O.C. v. Bruno's Restaurant</u>, 13 F.3d 285, 288 (9th Cir. 1993)

Here, the proposed judgment repeatedly awards attorneys fees of €1,685 for each of the fourteen arbitration awards. *See* Proposed Judgment at ¶2, Sections A – N. Petitioners have not cited any Federal law, Irish law, or contractual provision permitting the recovery of attorney's fees under the Nomination Agreements. Absent an explanation, Petitioners cannot recover the €1,685 for each of the fourteen arbitration awards (totaling €23,590) as there is no attorney's fees provision in the Nomination Agreements.

### IV. NEITHER THE ARBITRAL AWARDS NOR THE NOMINATION AGREEMENTS PROVIDE FOR A CONVERSION RATE OF EUROS TO U.S. DOLLARS

Paragraph 5 of the Proposed Judgment states that all awards and judgments "shall be payable in Euros or the equivalent in U.S. dollars based upon the exchange rate as of the date of payment, according to proof."

First, none of the arbitral awards or the Court's May 11, 2012 Order mention payment in U.S. dollars or what the applicable exchange rate would be.

**RESPONDENT'S OPPOSITION TO PETITIONERS' PROPOSED JUDGMENT**

Second, even if the Court were to permit payment of the judgment in U.S. dollars, there is no precedent for using the exchange rate "as of the date of payment." Prior cases have used either the exchange rate on the date of the judgment or the rate on the date of the breach. *See* <u>Agfa-Gevaert v. AB Dick Co.</u>, 879 F.2d 1518, 1525 (7th Cir. 1989) (applying the "judgment date" rule); <u>In re Good Hope Chemical Corp.</u>, 747 F.2d 806, 812 (1st Cir. 1984) (applying the "breach date" rule that the exchange rate on the date the contract was breached applies).

Therefore, the Proposed Judgment cannot specify payment in U.S. dollars and, even if did, it cannot set the exchange rate based upon the date of payment.

## V. THE ALLOCATION OF THE JUDGMENT AMONGST THE NUMEROUS CLAIMANTS IS NEVER ADDRESSED

The Proposed Judgment also fails to specify the allocation of payments to each claimant. The nomination agreements have varying combinations of claimants, and each claimant owns a different percentage in each horse. Neither the nomination agreements nor Sheppard's arbitral awards specify the percentage owed to each party and therefore must be disclosed prior to any payment being made through a joint check by Respondent.

The distribution and percentage for each claim must be disclosed lest Jamgotchian be exposed to infighting amongst Petitioners for their respective share of the judgment amount and further litigation. Alternatively, Respondent requests that the Court issue fourteen separate judgments, each of which would specify how much each Petitioner is entitled to under each contract.

## VI. PETITIONERS MUST REPRESENT TO THE COURT THAT PETITIONERS WILL COMPLY WITH ALL APPLICABLE TAX WITHHOLDING PROVISIONS

Lastly, Petitioners are subject to numerous tax withholding provisions as a foreign corporation. In order to avoid any potential tax liability, Respondent requires that Petitioners clearly represent to the Court, and include in their Proposed Judgment, that Petitioners will comply with all applicable tax withholding and reporting provisions required of foreign corporations or entities by the IRS or U.S. tax laws.

## VII. COOLMORE MUST WAIVE ALL CLAIMS AS IT IS NOT INDIVIDUALLY NAMED AS ONE OF THE PETITIONERS

Respondent maintains that Petitioners have yet to provide documentation that they are the principals of the entity known as "Coolmore Stud" and that all the Nomination Agreements only identify Coolmore as the executing party. Nonetheless, even taking Petitioners at their word that Petitioners are the principals of Coolmore, the Proposed Judgment must reflect that this resolves all claims held by Coolmore as well as Petitioners. Absent clear language on this point, Respondent risks exposure to a second lawsuit brought by Coolmore as a separate and distinct entity for nearly identical claims. Therefore, the Proposed Judgment must be amended to clearly indicate that Respondent is released from further claims under these Nomination Agreements from Coolmore Stud.

## VIII. CONCLUSION

The Proposed Judgment cannot be entered for the above reasons and Respondent respectfully requests that the Court either strike the Proposed Judgment in its entirety or modify it to reflect: 1) the applicable interest rate; 2) the basis for the attorney's fees; 3) the proper date for setting the exchange rate; 4) the

allocation of the judgment amongst the Petitioners; 5) that Coolmore waives all claims; and 6) the Petitioners' representation that it will comply with all Federal tax reporting and withholding requirements. In the alternative, Respondent requests that the Court order a hearing so that all parties may discuss and argue these matters.

DATED: May 30, 2012

Respectfully submitted,
COURTEAU & ASSOCIATES
DIANA L. COURTEAU
NEIL M. KATSUYAMA

By /s/ Neil Katsuyama

NEIL M. KATSUYAMA
Attorneys for Respondent
JERRY JAMGOTCHIAN

**RESPONDENT'S OPPOSITION TO PETITIONERS' PROPOSED JUDGMENT**