# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINLEY INVESTMENTS, an Isle of Man Limited Company; ORPENDALE, Incorporated in the Republic of Ireland; LYNCH BAGES LIMITED, Incorporated in the Republic of Ireland; WYNATT, Incorporated in the Republic of Ireland; CHELSTON (IRELAND), Incorporated in the Republic of Ireland; and SPRINGCON, Incorporated in the Republic of Ireland, <br><br> Petitioners, <br><br> v. <br><br> JERRY JAMGOTCHIAN, an individual, <br><br> Respondent. | Case No. 2:11-cv-00724-JAK-(AFMx) <br><br> **ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE RE PETITIONERS' MOTION FOR AN ASSIGNMENT ORDER (DKT. 139)** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Respondent has objected. Respondent raises two arguments in his objection. Neither has merit.

*First*, Respondent contends that the Magistrate Judge erred in denying his request to continue the hearing on the assignment motion. After reviewing the circumstances prior to and during the hearing, the Court concludes that the Magistrate Judge did not abuse his discretion in denying the continuance, particularly where Respondent would not agree to maintain the status quo during the period of any continuance. In any event, through his objection to the Report and Recommendation, Respondent and his recently retained counsel have had a full and fair opportunity to oppose the assignment motion.

*Second*, Respondent contends that a "springing pledge" was created when he and Preferred Bank entered into an "Assignment and Security Interest (Distribution Agreement)" on February 1, 2019. In this Agreement, which was effective as of the satisfaction of the judgment in the *Caswell* state court case, Respondent purported to assign to Preferred Bank his rights to receive profit distributions from his ownership of shares in three companies. These are rights and distributions that are also the subject of the assignment order sought by Petitioner here. Relying on *Brown v. Superior Court*, 116 Cal. App. 4th 320 (2004), Respondent argues that entry of the assignment order should be delayed until the priority of any interest granted by him in favor of Preferred Bank is resolved. The Court declines to delay entry of the order on this basis. The lawyer in *Brown* actively asserted the priority of his lien. In contrast, Preferred Bank, which has been on notice of these proceedings since at least February 2019, has made no attempt to intervene in this case, assert priority, or otherwise object to entry of the assignment order. In addition, as pointed out by Petitioners, there has been no showing by Preferred Bank that it has perfected an interest in rights to receive distributions from Respondent's shares in the three companies. Finally, the order in *Brown* was remanded for the trial court to assess whether it "would promote substantial justice" to apply the proceeds of the lawsuit to satisfy the judgment in question, despite the existence of the attorney's lien. 116 Cal. App. 4th at 337. Here, Respondent's objection fails to show how justice would

be promoted by delaying entry of the assignment order.  The evidence establishes that Respondent and Preferred Bank entered into their transaction concerning his shares in the three companies only after learning that Petitioners were seeking an order from this Court assigning Respondent's right to receive distributions from those very same shares.

Accordingly, the Respondent's objections are overruled, and the Report and Recommendation of the Magistrate Judge is accepted and adopted.

* * *

IT THEREFORE IS ORDERED that:

1. Petitioners' Motion for an Assignment Order is granted. Dkt. 139.

2. Respondent's right to receive distributions or dividends from shares in the following six Corporations (whether they are held by Jerry Jamgotchian individually or by the Jerry and Patricia Jamgotchian Revocable Living Trust) are assigned to the Petitioners upon completion of the requirements of the assignment order in the *Caswell* case and until such time as the judgment herein is fully satisfied or this order is amended:

    (a) Olympic Avenue Ventures, Inc., a California corporation
    (b) Olympic Avenue Ventures Property, Inc., a California corporation
    (c) Rialto Pockets Property, Inc.
    (d) El Segundo Plaza I, Inc., a California corporation
    (e) El Segundo Plaza II, Inc., a California corporation
    (f) South Bay Fitness, Inc., a California corporation

3. Pursuant to CCP § 704.540, a copy of this Order shall be served upon the registered agent for service of process for each of the six Corporations by certified mail, return receipt requested.  Upon receipt of such service and completion of the requirements of the assignment order in the *Caswell* case, each Corporation shall thereafter pay directly to Petitioners or their designee any dividends or distributions

otherwise payable to Jerry Jamgotchian individually, or to the Jerry and Patricia Jamgotchian Revocable Living Trust, when such right to payment becomes due. Such payments shall continue and shall be applied to the judgment herein until the judgment is fully satisfied or the Order is amended.

4. Pursuant to CCP § 708.520(a), Jerry Jamgotchian and any servant, agent, employee or attorney for Jerry Jamgotchian and any person(s) in active concert and participating with Jerry Jamgotchian are restrained from encumbering, transferring, assigning, hypothecating, pledging, converting, disposing or liquidating the shares of stock in the six Corporations giving right to payment of dividends, or otherwise hindering Jerry Jamgotchian or the Jerry and Patricia Jamgotchian Revocable Living Trust's rights to payment from the six Corporations until the judgment herein is fully satisfied or the Order is amended.

5. Petitioners shall personally serve this Order upon Respondent forthwith and file a corresponding proof of service.

6. This Assignment Order shall not have any effect on the payments required to be made pursuant to the assignment order in the *Caswell* case.

7. As required by CCP § 708.520(d):

> NOTICE TO JUDGMENT DEBTOR – FAILURE TO
> COMPLY WITH THIS ORDER MAY SUBJECT THE
> JUDGMENT DEBTOR TO BEING HELD IN
> CONTEMPT OF COURT.

DATED: April 22, 2019

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE